UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
..................................................................………..........x
MICHAEL BELVIN,
MICHAEL MAYERS,

                          Plaintiff(s)

    -against-

ELECTCHESTER MANAGEMENT, LLC,

                         Defendants.
.....................................................................……………………x

Index No.

**COMPLAINT**

**JURY TRIAL IS REQUESTED**

    Plaintiffs, by their attorney, ALBERT VAN-LARE, ESQ., complaining of the defendant allege the following:

## PRELIMINARY STATEMENT

    This case arises out of discriminatory and retaliatory conducts by defendant against plaintiffs, because of their age, race and disability.

    Plaintiff, Michael Belvin was denied career advancement and retaliated against by Defendant, Electchester Management, LLC, based upon his African American race and EEOC complaint. Plaintiff, Michael Mayers was denied career advancement and retaliated against by Defendant, Electchester Management, LLC, based upon his African American race, age, disabilities, and EEOC complaint. Defendant denied plaintiff the opportunity to advance their careers and be compensated like the other staff performing the same assignments as Plaintiffs.

1

Plaintiff Michael Belvin seeks as set forth herein declaratory, injunctive and equitable relief, compensatory, liquidated and punitive damages, litigation costs and attorneys' fees for racial discrimination and retaliation suffered by him during his employment by defendants in violation of and pursuant to 42 USC 1981, New York State Human Rights Law, New York Executive Law § 296, et seq. ("NYSHRL"), and New York City Human Rights Law, New York City Administrative Code §§ 8-101, et seq. and 107 ("NYCHRL").

Plaintiff Michael Mayers seeks as set forth herein declaratory, injunctive and equitable relief, compensatory, liquidated and punitive damages, litigation costs and attorneys' fees for racial discrimination and retaliation suffered by him during his employment by defendants in violation of and pursuant to 42 USC 1981, New York State Human Rights Law, New York Executive Law § 296, et seq. ("NYSHRL"), New York City Human Rights Law, New York City Administrative Code §§ 8-101, et seq. and 107 ("NYCHRL"), and Americans with Disabilities Act.

## JURISDICTION AND VENUE

1. Jurisdiction lies in this Court pursuant to 28 USC § 1331.  Venue is proper in this court pursuant to 28 USC § 1391

2. State law matters in this complaint are brought pursuant to this court's supplemental jurisdiction

## PARTIES

3. Michael Belvin and Michael Mayers (Plaintiff), are employees of defendant Electchester Management, LLC and have been employed by defendant Electchester Management, LLC for over ten years.

2

4. Electchester Management, LLC (Electchester) is an employer of the Plaintiffs.

### FACTUAL ALLEGATIONS

5. Plaintiffs, Michael Belvin and Michael Mayers, filed complaints with the EEOC.

6. The EEOC investigated the complaint and issued Right to Sue letters on July 31, 2017. The Plaintiffs received the right to sue letter on August 3, 2017 and have now timely brought this action.

7. The Right to Sue letters, among others states that "The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statues.  This does not certify that the respondent is in compliance with the statues.  No finding is made as to any other issues that might be constituted as having been raised by this charge."

8. The Plaintiffs have complied with all the requirements necessary to file a lawsuit pursuant to Title VII of the Civil Rights Act of 1964

9. Michael Belvin (Belvin) is an African American male who is employed by the defendant as a porter.

10. Belvin was subject to racial harassment and retaliation by supervisors who are agents of the defendant.

11. Belvin's coworkers, who are not African Americans, hung pictures and photographs of monkeys on his locker referring to him as a monkey.

12. Approximately 35 employees used this locker area, and everyone could see.

3

13. Belvin complained to the foreman about the monkey on his locker

14. Belvin had the foreman informing the general manager about his complaint regarding the monkey picture.

15. The General Manager responded to the foreman that he does not want to hear anything about Belvin's complaint.

16. Employees at the work site also wrote monkey on former President Barak Obamas picture and hung it next to Belvin's locker.

17. The workers also put the picture of a giraffe in the locker room next to Belvin's locker.

18. Bill Grambell, defendant's former General Manager, used to hang a confederate flag in his office and would tell Belvin that that flag should have been adopted as the American flag.

19. Mr. Grambell would call Belvin and other African American staff "niggers" and would regularly address them by saying "get your nigger ass over here".

20. In 2015 Defendants manager, Anthony Caiozzo, told Belvin to shut his "fucking black mouth".

21. On several occasions he addressed Belvin by telling him to shut your fucking black mouth or watch your fucking black mouth.

22. Belvin and other African American employees were constantly issued write ups.

23. Belvin has been written up in 2017 because he stayed at work until 6:00 pm.

24. Hispanic and white employees have not been written up for staying at work until 6:00pm.

25. Belvin was suspended for allegedly threatening someone and was also falsely accused of behaving in a belligerent manner.

26. This suspension was an act of retaliation because Belvin complained about race discrimination.

27. Belvin appealed his suspension through the union and an arbitrator ruled in his favor finding no thread of belligerent behavior.

28. In 2015 a white male employee called Belvin a boy and referred to Belvin as my boy.

29. The employee persistently called Belvin a boy although Belvin warned him several times and complained to supervisors.

30. The employee who called Belvin a boy in 2015 was suspended for one day.

31. In Dec 2016 another employee, Raymond, a white Hispanic male, called Belvin "my boy" after Raymond was told not to do so.

32. In April or May 2016 shortly after the church shooting incident in South Carolina the foreman mentioned to Belvin "you all complain about everything, like the shooting that happened in South Carolina".

33. Ed Riley, a supervisor told Belvin not to use his hand truck to move materials when he is working.

34. The hand truck was used by Belvin to assist him with easily moving materials without lifting them.

35. Hispanic employees have the same hand truck and were allowed to use the hand trucks.
36. The instruction not to use the hand truck was an act of retaliation because of Belvin's discrimination complaints.
37. Tom Prezioso and Joseph Copaaso were the two managers that gave instructions that dis allowed Belvin from using the hand truck.
38. The retaliatory acts began after Belvin filed a complaint with the EEOC.
39. The retaliation continues until the present time.
40. Belvin has been told by supervisors that filing an EEOC complaint was a mistake.
41. Michael Mayers (Mayers) is an African American male and over 40 years old and has been employed by the Defendant as a Porter for over ten years.
42. Tom Prezioso would constantly come to the building where Mayers worked to request him to perform a list of unnecessary assignments and to constantly monitor his work. He did not subject the white or Hispanic employees to this kind of monitoring.
43. As part of the harassment, Mayer was transferred to a building with 72 units that does not have an elevator.
44. He was not provided any assistance although the common practice is to provide assistance in that kind of situation.
45. Mayer was also assigned to strip the floor by himself without any assistance. When he asked for help to carry the machine, he was denied.

6

46. The non-African American employees were given all the assistance to strip floors and lift machines when necessary.

47. On July 1, 2015 Mayers was diagnosed with leukemia and was out of work for one year.

48. As an act of retaliation Mayers was terminated from his employment while he was out sick.

49. The Defendant claimed that the termination was pursuant to the union contract, but this was not true, and Defendant was forced to rehire Mayers after Mayers successfully challenged the decision to terminate him.

50. Mayers and Belvin met with their union shop steward and asked him to find out why African Americans were not hired as porters.

51. The plaintiffs were told to mind their own business and not get involved with hiring practices.

52. Mayers was also present and witnessed the animal pictures displayed in the locker room.

53. When Mayers returned from his sick leave he was told that the company received his disability complaint and that filing disability complaint is not the way to go at work.

54. The Defendants constantly referred to Mayers age by telling him that he should exercise his option to retire instead of working in his old age.

55. He was told on another occasion that the employer will look for younger people if he is unable to perform the job and strip the floor as instructed.

56. The employer injected his age into conversations several times when it was not necessary.

57. The Defendant subjected Mayer to terms and conditions of work different from the terms and condition under which White and Hispanic employees work.

## AS AND FOR A FIRST CAUSE OF ACTION

58. Paragraphs 1 thru 57 are realleged as if set forth herein verbatim and incorporated by reference.

59. Defendant violated Plaintiffs' rights under Article 15 of the New York Executive Law, New York Executive Law Section 296(1) by engaging in unlawful discriminatory practices against Plaintiffs including hostile work environment and retaliation.

60. Defendant discriminated against Belvin because of his race and defendant discriminated against Mayer because of his race, age and disability.

## AS AND FOR A SECOND CAUSE OF ACTION

61. Paragraphs 1 thru 60 are realleged as if set forth herein verbatim and incorporated by reference.

62. Plaintiff was damaged by Defendant actions that denied him equal terms and conditions of employment as set forth above, in violation of section 8-107.1 of the Administrative Code of the City of New York.

63. Defendant violated Belvin and Mayers' rights pursuant to section 8-107.1 of the Administrative Code of the City of New York by

discriminating against them because of age, race, disabilities, and retaliation and hostile work environment.

## AS AND FOR A THIRD CAUSE OF ACTION

64. Paragraphs 1 through 63 are realleged as if set forth herein verbatim and incorporated by reference.

65. The Defendant violated the rights of Belvin and Mayers, under Title VII of the Civil Rights Act of 1964 (42 USC § 2000e), when they retaliated against Belvin and Mayers, and created hostile work environment because of activities and actions relating to complaints of race, age and disabilities and activities relating to cooperation with EEO complaints and investigations.

## AS AND FOR A FOURTH CAUSE OF ACTION

66. Paragraphs 1 through 65 are realleged as if set forth herein verbatim and incorporated by reference.

67. Plaintiff was damaged by defendants' violation of Civil Rights Act of 1866, 42 USC 1981. The Act provides in pertinent part, that "(a) ll persons shall have the same right to make and enforce contracts as is enjoyed by white citizens."

68. Defendant violated the Civil Rights Act of 1866 when they subjected Belvin and Mayers to discrimination in the work place.

## AS AND FOR A FIFTH CAUSE OF ACTION

69. Paragraphs 1-68 are realleged as if set forth herein verbatim and incorporated by reference.

70. Defendant violated the rights of Belvin and Mayers, under Title VII of the Civil Rights Act of 1964 (42 USC § 2000e), when they discriminated against Belvin and Mayers because of their race.

## AS AND FOR A SEVENTH CAUSE OF ACTION

71. Defendant violated Mayers rights under the Americans with Disabilities Act and when they discriminated against him because of his disabilities. The Defendant also denied Mayer reasonable accommodation.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff demands the following relief, jointly and severally against the Defendants or as otherwise stated:

   a. A Declaratory judgment that the conduct, practices, and acts complained of herein are discriminatory and illegal.

   b. A Declaratory judgment that Michael Belvin was discriminated against on the grounds of race, and Michael Mayers was discriminated against on the grounds of race, age, and disability by defendant.

   c. A preliminary and permanent injunction preventing the Defendant from engaging in any and all forms of discrimination against Plaintiffs.

   d. An order granting to each Plaintiff totaling the greater of $750.000.00 or the amount to be proven at trial.

   e. That the Court tax the costs of this action against Defendant, including Plaintiff's attorney's fees incurred in the prosecution of this case.

  f. Any and all further relief in law and equity deem necessary by the Court.

October 29, 2017.

Respectfully submitted,

The Law Offices of Albert Van-Lare

125 Maiden Lane, Suite 510

New York, NY 10038

Tel. 212 608-1400

*/s/ Albert Van-Lare*

By: _____

  Albert Van-Lare

Case 1:17-cv-06303-NGG-MMH   Document 1   Filed 10/29/17   Page 12 of 12 PageID #: 12