UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL BELVIN and MICHAEL MAYERS,

                              Plaintiffs,

    -against-

ELECTCHESTER MANAGEMENT, LLC,

                              Defendant.
------------------------------------------------------------------------X

Docket No.:
17-CV-06303 (NGG)(PK)

### DEFENDANT ELECTCHESTER MANAGEMENT, LLC'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

RESPECTFULLY SUBMITTED,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant
ELECTCHESTER MANAGEMENT, LLC
150 East 42nd Street
New York, New York 10017
(212) 490-3000
File No. 12035.00689

COUNSEL:    WILLIAM CUSACK
                    MARIELLE MOORE

10669917v.3

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    PLAINTIFFS HAVE FAILED TO MEET THEIR DISCRIMINATION PRIMA FACIE OR PRETEXT BURDENS OF PROOF ...................................... 2

    II.    PLAINTIFFS HAVE FAILED TO MEET THEIR RETALIATION PRIMA FACIE OR PRETEXT BUT FOR BURDENS OF PROOF ................................. 6

    III.    PLAINTIFF BELVIN'S DEMAND FOR EMOTIONAL DISTRESS DAMAGES SHOULD BE DISMISSED ................................................................. 9

    IV.    SHOULD THE COURT DISMISS ONLY PLAINTIFFS' FEDERAL CLAIMS, IT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' REMAINING STATE AND CITY LAW CLAIMS ................................................................................................. 10

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

## CASES

Abraham v. N.Y. City Dept. of Educ.,
    2011 WL 890749 (EDNY 2011) ....................................................................................... 10

Allen v. County of Nassau,
    90 F.Supp.3d 1 (EDNY 2015) ......................................................................................... 5

Alleva v. N.Y. City Dept. of Investigation,
    696 F.S.2d 273 (EDNY 2010) .......................................................................................... 5

Beachum v. AWISCO N.Y. & Local 810,
    785 F.S.2d 84 (SDNY 2011) .......................................................................................... 10

Bermudez v. Edmonds,
    2017 WL 11507652 (EDNY 2017) ................................................................................. 4

Bowen-Hooks v. City of New York,
    13 F. Sup. 3d 179 (EDNY 2014) ..................................................................................... 9

Brady v. Wal-Mart Stores, Inc.,
    455 F.S.2d 157 (EDNY 2006) ......................................................................................... 8

Bright v. Coca Cola Refreshments USA, Inc.,
    2014 WL 5587349 (EDNY 2014) ................................................................................... 8

Brown v. Henderson,
    257 F.3d 246 (2d Cir. 2001) ........................................................................................... 10

Bryant v. Begin Manage Program,
    281 F.S.2d 561 (EDNY 2003) ......................................................................................... 8

Chang v. Safe Horizons,
    254 F. App'x 838 (2d Cir. 2007) ..................................................................................... 7

Dawson v. City of N.Y.,
    2013 WL 4504620 (SDNY 2013) .................................................................................... 4

During v. City Univ.,
    2005 WL 2276875 (S.D.N.Y 2005) ................................................................................. 9

Felder v. Madison Square Garden,
    2018 WL 1089743 (SDNY 2018) .................................................................................... 6

Frisenda v. Inc. Village of Malverne,
    775 F.S.2d 486 (EDNY 2011) ......................................................................................... 6

Golden v. Merrill Lynch & Co.,
    2007 U.S. Dist. LEXIS 90106 (SDNY 2007) .................................................................. 9

Gorzynski v. JetBlue Airways Corp.,
    596 F.3d 93 (2d Cir. 2010) ............................................................................................... 6

Gross v. NBC,
    232 F.S.2d 58 (SDNY 2002)......................................................................................... 3

Hawkins v. N.Y. State Office of Mental Health,
    2019 WL 4520801 (SDNY 2019).............................................................................. 6

Hayes v. Cablevision Systems N.Y. City Corp.,
    2012 WL 1106850 (EDNY 2012).............................................................................. 9

In re F & L Plumbing & Heating Co.,
    114 B.R. 370 (Bankr. EDNY 1989)........................................................................... 5

Jaeger v. N. Babylon Union Free Sch. Dist.,
    191 F.Supp.3d 215 (EDNY 2016) ............................................................................. 4

Jeffreys v. City of N.Y.,
    426 F.3d 549 (2d Cir. 2005)....................................................................................... 6

Kamrowski v. Morrison Mgmt. Specialist, 2
    2010 WL 3932354 (SDNY 2010).............................................................................. 2

Lam v. N.Y. City Dept. of Educ.,
    2019 WL 2327655 (SDNY 2019).............................................................................. 3

Lumhoo v. Home Depot USA, Inc.,
    229 F.S.2d 121 (EDNY 2002) ................................................................................... 8

Mack v. JP Morgan Chase Bank, NA,
    2016 U.S. Dist. LEXIS 44832 (SDNY 2016)............................................................ 7

Mack v. United States,
    814 F.2d 120 (2d Cir. 1987)....................................................................................... 9

Marrero v. City of N.Y.,
    2004 WL 444548 (SDNY 2004)................................................................................ 9

Murray v. Visiting Nurse Servs.,
    528 F.S.2d 257 (S.D.N.Y 2007)................................................................................. 8

Niedziejko v. Del. & Hudson Ry. Co.,
    2019 WL 1386047 (NDNY 2019) ............................................................................. 9

Olle v. Columbia Univ.,
    332 F.S.2d 599 (SDNY 2004).................................................................................... 6

Patacca v. CSC Holdings, LLC,
    2019 WL 1676001 (EDNY 2019).............................................................................. 6

Perma Research & Dev. Co. v. Singer Co.,
    410 F.2d 572 (2d Cir. 1969)....................................................................................... 5

Petrisch v. HSBC Bank USA, Inc.,
    2013 WL 1316712 (EDNY 2013).............................................................................. 5

Preuss v. Kolmar Laboratories, Inc.,
    970 F.S.2d 171 (SDNY 2013).................................................................................... 7

10669917v.3

Ray v. N.Y. State Ins. Fund,
    2018 WL 3475467 (SDNY 2018)............................................................................... 8

Russo v. N.Y. Presbyterian Hosp.,
    2013 WL 5346427 (EDNY 2013) .............................................................................. 9

Shapiro v. N.Y. City Dept. of Educ.,
    561 F.S.2d 413 (SDNY 2008)..................................................................................... 3

Shaw v. Long Island Railroad,
    2018 WL 748674 (EDNY 2018)............................................................................. 10

Superior Site Work, Inc. v. NASDI, LLC,
    2018 U.S. Dist. LEXIS 130932 (EDNY 2018)......................................................... 4

Tepperwien v. Entergy Nuclear Operations, Inc.,
    663 F.3d 556 (2d Cir. 2011)....................................................................................... 7

Ticali v. Roman Catholic Diocese,
    41 F.S.2d 249 (EDNY 1999) aff'd 201 F.3d 432 (2d Cir. 1999)....................................... 8

United Magazine Co. v. Murdoch Magazines Distrib.,
    393 F.S.2d 199 (SDNY 2005)..................................................................................... 5

Velazquez v. Yoh Servs., LLC,
    2019 U.S. Dist. LEXIS 46746 (SDNY 2019) ........................................................... 5

Vrazel v. Long Island Railroad,
    2017 WL 2559137 (EDNY 2017).............................................................................. 5

Wharton v. Cnty. of Nassau,
    2013 WL 4851713 (EDNY 2013).............................................................................. 7

Witek v. City of N.Y.,
    2019 U.S. Dist. LEXIS 229703 (EDNY 2019)......................................................... 7

Wojcik v. Brandiss,
    973 F.S.2d 195 (EDNY 2013) .................................................................................... 5

## STATUTES

Americans with Disabilities Act of 1990,
    42 U.S.C. §§ 12101, et seq, ........................................................................................ 1

City of New York Human Rights Law,
    N.Y.C. Admin. Code §§ 8-107 et seq. ........................................................................ 1

Civil Rights Act of 1866,
    42 U.S.C. §§ 1981 et seq. ............................................................................................ 1

New York State Human Rights Law,
    N.Y. Exec. Law §§ 296 et seq. ................................................................................... 1

Title VII of the Civil Rights Act of 1964,
    42 U.S.C. §§ 2000e et seq. ........................................................................................ 1

## RULES

Fed. R. Civ. P. Rule 56 ................................................................................................... *passim*

Local Rule 56 ................................................................................................................. *passim*

PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in further support of defendant Electchester Management, LLC's ("EML") Rule 56 Motion for Summary Judgment. Defendant respectfully submits that Plaintiffs have failed to meet their prima facie or pretext burdens of proof as to their discrimination and retaliation claims.[1]

Plaintiffs cannot avoid dismissal because they have not come forward with any, much less sufficient, evidence to establish that they suffered any qualifying adverse employment action during their employment with EML, an essential element to their federal and state discrimination and retaliation claims. Further, Plaintiffs have been treated the same as any other EML employee and in accordance with a collective bargaining agreement ("CBA") entered into by and between EML and Service Employer's International Union Local 32BJ ("32BJ"), Plaintiffs' collective bargaining representative. All disciplinary actions were effectuated in accordance with the CBA for legitimate, business reasons and are dispositive of all of Plaintiffs' claims.

As a matter of law, Plaintiffs cannot withstand summary judgment by relying on inadmissible evidence, e.g., conclusory, unsupported, and self-serving affidavits submitted for the first time in their opposition, and their own unverified complaint. The lack of legal support for Plaintiffs' allegations is evidenced by their failure to cite to any substantive legal authority. It is respectfully submitted that Plaintiffs have not met their prima facie and pretext burdens of proof and that EML's Rule 56 Motion should be granted in its entirety.

---

[1] Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 et seq. ("CRA"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq, ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law §§ 296 et seq. ("SHRL"), and the City of New York Human Rights Law, N.Y.C. Admin. Code §§ 8-107 et seq. ("CHRL").

ARGUMENT

I.  PLAINTIFFS HAVE FAILED TO MEET THEIR DISCRIMINATION PRIMA FACIE OR PRETEXT BURDENS OF PROOF

An essential requirement of Plaintiffs' federal and state discrimination claims is that they must have suffered an adverse employment action because of their ages, races, or, in Mr. Mayers' case, his disability. An adverse employment action is, inter alia, a decrease in pay or benefits or a denial of promotion to which an employee applied. The evidentiary record is devoid of any of these actions. Further dispositive of plaintiffs' discrimination claims are EML's legitimate, non-discriminatory business reasons for its disciplinary actions, based on plaintiffs' employment actions and effectuated in compliance with the CBA. Given the lack of an adverse employment action viewed in conjunction with EML's legitimate, non-discriminatory reasons for Plaintiffs' discipline, there is no reasonable basis for their discrimination claims to proceed to trial.

Plaintiffs attempt to salvage their legally deficient claims by alleging "qualifying adverse employment actions"; they are not. They are either directly contradicted by Plaintiff's own deposition testimony and/or insufficient as a matter of law:

- Mr. Belvin alleges that he was passed over for promotion to a foreman position, but the record shows that he never applied for one. As a matter of law, not promoting a person to a job to which they never applied is not an adverse employment action. See Defendant's Reply to Plaintiff's Local Rule 56.1 Statement ("Reply 56.1") at ¶ 130; Kamrowski v. Morrison Mgmt. Specialist, 2010 WL 3932354 (SDNY 2010)(granting summary judgment on failure to promote claim where plaintiff did not request a promotion); During v. City Univ., 2005 WL 2276875 (S.D.N.Y 2005)(granting summary judgment where "Plaintiff fails to make out a prima facie [failure to promote] case because he did not apply for those positions");

2

- Mr. Belvin alleges that he was instructed to not use an unauthorized, makeshift hand truck on one occasion, but his testimony shows that he was able to do the job with a regular one. As a matter of law, a failure to provide an employee's desired equipment when the job can be performed without it is not an adverse employment action. Ray v. N.Y. State Ins. Fund, 2018 WL 3475467 (SDNY 2018)(the absence of preferable equipment is not an adverse employment action where it does not significantly interfere with or preclude job performance or create an unreasonably dangerous condition); Lam v. N.Y. City Dept. of Educ., 2019 WL 2327655 (SDNY 2019)(lack of requested equipment is not an adverse employment action when plaintiff does not allege that it is essential to her job performance); Shapiro v. N.Y. City Dept. of Educ., 561 F.S.2d 413 (SDNY 2008)(not receiving new equipment "cannot rise to the level of an adverse employment action as a matter of law"); Gross v. NBC, 232 F.S.2d 58 (SDNY 2002)(holding that being refused access to preferred equipment may be inconvenient but it does not rise to the level of an adverse employment action);

- Plaintiffs' allegations that they were removed from the overtime pool is directly contradicted by their own deposition testimony. Mr. Belvin testified that when EML offered him overtime and he wanted it, he would take it. Plaintiff Mayer testified that he chose not to work overtime because of his age and health issues. See Defendant's Rule 56.1 Statement ("Rule 56.1") at ¶¶ 65, 94;

- Mr. Mayers' allegation that he did not receive assistance stripping floors is directly contradicted by his own testimony that, since 2011, he stripped a floor only one time and received help from a Hispanic employee to do so. See Rule 56.1 at ¶¶ 84-85;

- Mr. Mayers alleges that he was subjected to increased work inspections. As a matter of law, increased scrutiny is not an adverse employment action. Dawson v. City of N.Y., 2013 WL 4504620 (SDNY 2013)(granting summary judgment because "allegations of excessive scrutiny, monitoring, and criticisms of her job performance do not constitute an adverse employment action"); Jaeger v. N. Babylon Union Free Sch. Dist., 191 F.Supp.3d 215 (EDNY 2016)(supervisor's monitoring of plaintiff's attendance, even if it differed from the scrutiny given to his colleagues, is insufficient to constitute an adverse employment action); and,

- Mr. Mayers' allegation that he was assigned to a building with no elevator and no assistance is directly contradicted and further explained by his own testimony showing that a Hispanic employee was assigned to the same building and that an elevator was unnecessary because it was a three-story walk-up with a sink on the second floor. See Rule 56.1 at ¶¶ 78-79.

Realizing their factual deficiencies, Plaintiffs attempt to re-write the evidentiary record with citations to their own conclusory and unsupported affidavits, unverified complaint, and self-serving, uncorroborated deposition testimony. These are insufficient as a matter of law to create a triable issue of fact and withstand summary judgment. As a matter of law, an unverified complaint, conclusory and self-serving affidavits, and uncorroborated deposition testimony unsupported by admissible evidence are insufficient in opposing a Rule 56 motion. Niedziejko v. Del. & Hudson Ry. Co., 2019 WL 1386047 (NDNY 2019)(unverified complaint is no admissible evidence on a motion for summary judgment"); Superior Site Work, Inc. v. NASDI, LLC, 2018 U.S. Dist. LEXIS 130932 (EDNY 2018)("Complaints that are not verified are not evidence"); Bermudez v. Edmonds, 2017 WL 11507652 (EDNY 2017)("As this pleading is not verified, it does not

4

constitute admissible evidence"); Alleva v. N.Y. City Dept. of Investigation, 696 F.S.2d 273 (EDNY 2010)(Holding as inadmissible an unverified complaint bearing only the signature of plaintiff's attorney and the plaintiff's attorney does not attest to any personal knowledge of the complaint's allegations); Vrazel v. Long Island Railroad, 2017 WL 2559137 (EDNY 2017)("a complaint that is not verified cannot serve as evidence to contest a motion for summary judgment"); In re F & L Plumbing & Heating Co., 114 B.R. 370 (Bankr. EDNY 1989)(granting summary judgment where "affidavits are self-serving and fail[] to show whether there is a genuine issue as to who is entitled to the [relief] sought"); Allen v. County of Nassau, 90 F.Supp.3d 1 (EDNY 2015)(granting summary judgment because "it is well-established that a plaintiff who can offer nothing more than his or her own conclusory assertions in support of an allegation of racial discrimination cannot survive a motion for summary judgment"); Wojcik v. Brandiss, 973 F.S.2d 195 (EDNY 2013)("It is . . . hornbook law that 'a self-serving affidavit that merely reiterates conclusory allegations in affidavit form is insufficient to preclude summary judgment'")(citing United Magazine Co. v. Murdoch Magazines Distrib., 393 F.S.2d 199 (SDNY 2005)); Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572 (2d Cir. 1969)("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment . . . ."); Petrisch v. HSBC Bank USA, Inc., 2013 WL 1316712 (EDNY 2013)(deciding that post-discovery allegations "are insufficient to preclude summary judgment because they are generalized, conclusory, and speculative and seek to add assertions that are absent from plaintiff's Complaint and extensive deposition testimony"); Velazquez v. Yoh Servs., LLC, 2019 U.S. Dist. LEXIS 46746 (SDNY 2019)("A plaintiff's deposition testimony may be insufficient to defeat a motion for summary judgment where the testimony recounts remarks that are either 'unsupported by

5

admissible evidence or benign'")(citing Olle v. Columbia Univ., 332 F.S.2d 599 (SDNY 2004)); Hawkins v. N.Y. State Office of Mental Health, 2019 WL 4520801 (SDNY 2019)("Plaintiff's own self-serving statements, in her affidavits, memoranda, and deposition are simply insufficient to overcome her burden of proof to survive summary judgment, as they are all self-serving statements uncorroborated by any additional evidence"); Jeffreys v. City of N.Y., 426 F.3d 549 (2d Cir. 2005)(dismissal based in part because plaintiff's testimony was "largely unsubstantiated by any other direct evidence" and "replete with inconsistencies and improbabilities").

II. PLAINTIFFS HAVE FAILED TO MEET THEIR RETALIATION PRIMA FACIE OR PRETEXT BUT FOR BURDENS OF PROOF

Plaintiffs have similarly failed to meet their retaliation prima facie or pretext but-for burdens of proof. For their federal and state claims, Plaintiffs were required to show that they suffered adverse employment actions and that the actions were causally connected to their engagement in a protected activity; they have not. Plaintiffs' alleged retaliatory conduct is either contradicted by their own deposition testimony, insufficient as a matter of law to qualify as an adverse employment action, or too attenuated to support a retaliatory nexus. Frisenda v. Inc. Vill. of Malverne, 775 F.S.2d 486 (EDNY 2011)("courts in this Circuit have consistently held that a passage of more than two months between the protected activity and the adverse employment action does not allow for an inference of causation"); Patacca v. CSC Holdings, LLC, 2019 WL 1676001 (EDNY 2019)("Where inconsistencies exist between a non-movant's affidavit and corresponding deposition testimony, which inconsistencies the non-movant party makes no effort to reconcile or otherwise explain, a court may disregard those statements"); Gorzynski v. JetBlue Airways Corp., 596 F.3d 93 (2d Cir. 2010)("a party cannot create an issue of fact by submitting an affidavit in opposition to summary judgment that contradicts prior deposition testimony"); Felder v. Madison Square Garden, 2018 WL 1089743 (SDNY 2018)(less favorable work

6

assignments that do not radically change the nature of the work, are consistent with the duties of plaintiff's position, and carry with them no diminution in compensation or responsibilities, are insufficient to constitute an adverse employment action).

Mr. Belvin alleges that after he filed an EEOC complaint in March 2015, he received multiple written warnings and suspensions in the following years, one of which was overturned. Notably, Mr. Belvin was disciplined two weeks before filing the EEOC charge, negating any retaliatory nexus because any subsequent disciplinary action was a continuation of the pre-EEOC employment actions. Further, as a matter of law, written warnings and suspensions without commensurate decreases in pay or benefits are insufficient to constitute qualifying adverse employment actions. Moreover, most of the alleged actions occurred beginning August 2015, more than three months after Mr. Belvin filed his EEOC charge and, as a matter of law, a span of more than three months between protected conduct and alleged adverse employment action negates any retaliatory nexus. Rule 56.1 at ¶¶ 14-27; Wharton v. Cnty. of Nassau, 2013 WL 4851713 (EDNY 2013)("[O]ral and written warnings do not amount to materially adverse conduct . . . .")(citing Chang v. Safe Horizons, 254 F. App'x 838 (2d Cir. 2007)); Mack v. JP Morgan Chase Bank, NA, 2016 U.S. Dist. LEXIS 44832 (SDNY 2016)("It is well-established in this Circuit that 'criticism of an employee (which is part of training and necessary to allow employees to develop, improve and avoid discipline) is not an adverse employment action'")(citing Tepperwien v. Entergy Nuclear Ops., Inc., 663 F.3d 556 (2d Cir. 2011)); Preuss v. Kolmar Labs., Inc., 970 F.S.2d 171 (SDNY 2013)("Claims of retaliation are routinely dismissed when as few as three months elapse between the protected activity and the alleged act of retaliation"); Witek v. City of N.Y., 2019 U.S. Dist. LEXIS 229703 (EDNY 2019)("a passage of more than two or three months between the protected activity and the adverse employment action does not allow for an inference of

7

causation'")(citing Murray v. Visiting Nurse Servs., 528 F.S.2d 257 (S.D.N.Y 2007)); Bright v. Coca Cola Refreshments USA, Inc., 2014 WL 5587349 (EDNY 2014)(no retaliatory nexus when the alleged retaliatory action occurs more than three months after the protected activity).

Mr. Mayers alleges that after he filed an EEOC charge in 2015, he:

- Was terminated from employment, but the evidentiary records shows that he was reinstated with full back pay and benefits after an inadvertent miscalculation in leave time was discovered, precluding a finding of an adverse employment action. See Rule 56.1 at ¶ 97; Lumhoo v. Home Depot USA, Inc., 229 F.S.2d 121 (EDNY 2002)(reinstatement negates termination as an adverse employment action); Ticali v. Roman Catholic Diocese, 41 F.S.2d 249 (EDNY 1999)(retracted termination is not an adverse employment action), aff'd 201 F.3d 432 (2d Cir. 1999); Brady v. Wal-Mart Stores, Inc., 455 F.S.2d 157 (EDNY 2006);

- Received a written warning and suspension for telling Mr. Belvin to stop sucking off management, but the evidentiary record shows that the warning and suspension occurred in 2014, well before his temporary termination, negating any retaliatory nexus. See Rule 56.1 at ¶¶ 71; Bryant v. Begin Manage Program, 281 F.S.2d 561 (EDNY 2003)(granting summary judgment on retaliation claim where the alleged retaliatory conduct occurred before the protected activity); and,

- Was denied a Christmas bonus in 2015, but the evidentiary record, specifically Mr. Mayers' own deposition testimony, shows that he received a pro-rated bonus at the end of 2015 based on time worked, could not identify any other non-Black employee whose bonus was calculated differently than his, and could not identify anyone else who got a full bonus in 2015 despite being out for part of the year. See Rule 56.1 at ¶ 101;

8

>Marrero v. City of N.Y., 2004 WL 444548 (SDNY 2004)(granting summary judgment where plaintiff could not identify any similarly situated employee who was treated differently than him).

Even if there were a qualifying adverse employment action, the evidentiary record precludes Plaintiffs from proving that "but for" their protected activity that they would not have suffered an adverse employment action. Russo v. N.Y. Presbyterian Hosp., 2013 WL 5346427 (EDNY 2013) (dismissing Title VII and SHRL claims because plaintiff failed to meet "but for" causation standard); Bowen-Hooks v. City of N.Y., 13 F. Sup. 3d 179 (EDNY 2014) (dismissing Title VII, CRA, and SHRL claims because plaintiff failed to meet "but for" causation standard).

### III. PLAINTIFF BELVIN'S DEMAND FOR EMOTIONAL DISTRESS DAMAGES SHOULD BE DISMISSED

It is without good faith dispute that Mr. Belvin is not seeking emotional distress damages as part of his claims. During his deposition, Mr. Belvin was asked multiple times, without limitation, whether he was seeking any emotional distress damages as part of his claims, and each time he responded without qualification, "no." Mr. Belvin had been instructed to seek clarification if he did not understand a question, never stated that he misunderstood he question, and his counsel did not interpose an objection. Now, for the first time, Mr. Belvin argues that he is entitled to emotional distress damages because he "did not visit a mental health expert." This last-minute, post-discovery allegation is directly contradicted by his deposition testimony, is unsupported by any sworn affidavit, and should be disregarded as a matter of law. See Rule 56.1 at ¶ 66; Golden v. Merrill Lynch & Co., 2007 U.S. Dist. LEXIS 90106 (SDNY 2007)(disregarding declaration where it contradicts deposition testimony, plaintiff did not state that she misunderstood the question or otherwise seek clarification, and her counsel did not interpose any objection to the deposition question); Hayes v. Cablevision Systems N.Y. City Corp., 2012 WL 1106850 (EDNY

9

2012)(holding that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment)(citing Mack v. U.S., 814 F.2d 120 (2d Cir. 1987)); Brown v. Henderson, 257 F.3d 246 (2d Cir. 2001)(precluding factual allegations when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts their own prior deposition testimony.

IV. SHOULD THE COURT DISMISS ONLY PLAINTIFFS' FEDERAL CLAIMS, IT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' REMAINING STATE AND CITY LAW CLAIMS

Plaintiffs' argument that the Court should retain jurisdiction over their SHRL and CHRL claims because the parties have engaged in extensive discovery is without merit. It is well established that both statutes create novel questions of state and city law. Courts within the Second Circuit have declined to exercise supplemental jurisdiction over SHRL and CHRL claims even where the parties engaged in extensive discovery and summary judgment had been decided. Based especially on the CHRL's uniquely broad and remedial purposes, it is respectfully submitted that this Court should decline jurisdiction over Plaintiffs' remaining state and city discrimination and retaliation claims. Shaw v. Long Island R.R., 2018 WL 748674 (EDNY 2018)(declining supplemental jurisdiction because of CHRL's novel questions of law); Beachum v. AWISCO N.Y. & Local 810, 785 F.S.2d 84 (SDNY 2011)(declining supplemental jurisdiction over CHRL claims because "they raise novel and complex issues of state law"); Abraham v. N.Y. City Dept. of Educ., 2011 WL 890749 (EDNY 2011).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant Defendant's Rule 56 Motion for Summary Judgment and dismiss Plaintiffs' Complaint in its entirety, and such other and further relief that this Court deems just and proper.

10

Dated: New York, New York
April 13, 2020

                                          Respectfully submitted,
                                          WILSON, ELSER, MOSKOWITZ,
                                          EDELMAN & DICKER LLP

                                        By:_____/s/_____
                                         William F. Cusack
                                         Marielle Moore
                                         Attorneys for Defendant
                                         ELECTCHESTER MANAGEMENT, LLC
                                         150 East 42nd Street
                                         New York, New York 10017
                                         Ph: (212) 490-3000
                                         Fx: (212) 490-3038
                                         William.Cusack@wilsonelser.com
                                         Marielle.Moore@wilsonelser.com
                                         File No.: 12035.00689

To: Counsel of Record (Via ECF)