UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MICHAEL BELVIN and MICHAEL MAYERS,

                              Plaintiffs,            Docket No. 17-CV-06303

- against -

ELECTCHESTER MANAGEMENT, LLC,

                              Defendant.

-------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ALLEGED DISCRIMINATORY ACTIONS AGAINST NON-PARTIES**

                                                Respectfully submitted,

                                                **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
                                                Attorneys for Defendant Electchester Management, LLC
                                                150 East 42nd Street
                                                New York, NY 10017
                                                Tel: (212) 490-3000
                                                Fax: (212) 490-3038
                                                File No. 12035.689


**COUNSELS: MARIELLE A. MOORE**
                  **CORRINE SHEA**


272747945v.4

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................................ 2

**TABLE OF AUTHORITIES** ........................................................................................................ 3

   **Cases** ............................................................................................................................................ 3

   **Statutes** ........................................................................................................................................ 3

**PRELIMINARY STATEMENT** ................................................................................................... 4

**RELEVANT FACTUAL BACKGROUND** .................................................................................. 4

**STANDARD OF REVIEW** ........................................................................................................... 6

**LEGAL ARGUMENT** ................................................................................................................... 6

   I.   **Non-Party Discrimination Allegations Are Not Relevant to Plaintiffs' Claims.** ............ 6

   II.   **Non-Party Discrimination Allegations Are Unduly Prejudicial to Defendant.** ........ 7

**CONCLUSION** .............................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Cases**

*Blake v. Race*, 487 F. Supp. 2d 187, 205 (E.D.N.Y. 2007) ............................................................ 8

*EEOC v. Bloomberg L.P.*, 778 F. Supp. 2d 458, 468 (S.D.N.Y. 2011) ......................................... 6

*Kargo, Inc. v. Pegaso PCS, S.A.*, No. 05-cv-10528 (CSH)(DFE), 2008 U.S. Dist. LEXIS 81888 (S.D.N.Y. 2008) ..................................................................................................................... 7

*Jackson v. City of White Plains, 2016 WL 234855 (S.D.N.Y. 2016)*.............................................. 8

*Levitant v. City of New York Human Res. Admin.*, 2011 U.S. Dist. LEXIS 20742 (E.D.N.Y. 2011) ........................................................................................................................................ 7

*Macolor v. Libiran,* No. 14-CV-4555 (JMF), 2015 U.S. Dist. LEXIS 34480 (S.D.N.Y. 2015) .... 8

*Oliver v. New York State Police*, 2022 U.S. Dist. LEXIS 57588 (N.D.N.Y. 2022) ....................... 7

*Orsaio v. New York State Dep't of Corr. & Cmty. Supervision*, 2022 U.S. Dist. LEXIS 23646 (N.D.N.Y. 2022) ....................................................................................................................... 8

*Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) ............................................................ 8

*Rao v. Rodriguez*, 2017 U.S. Dist. LEXIS 58996 (E.D.N.Y. 2017) ............................................... 7

*Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999) ..................... 7

*Speedfit LLC v. Woodway USA, Inc.*, 2020 U.S. Dist. LEXIS 4833 (E.D.N.Y. 2020) ................... 8

*United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008). ..................................................... 8

*Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135 (S.D.N.Y. 2003) ................................... 6

**Statutes**

*Fed. R. Ev.* Rule 402 ...................................................................................................................... 6

*Fed. R. Ev.* Rule 403 ...................................................................................................................... 6

272747945v.4

**PRELIMINARY STATEMENT**

Defendant ELECTCHESTER MANAGEMENT, LLC ("Electchester") respectfully submits this motion *in limine* to exclude from trial any evidence of, or reference to, any discrimination allegations proffered by non-parties. Plaintiffs indicated in their portion of the parties' Joint Pretrial Order that Plaintiffs may call Mr. David Hewlett and Mr. Jerome Jenkins as witnesses at trial to testify regarding Mr. Hewlett's own alleged EEOC complaint against Electchester and Mr. Jenkins' own alleged discrimination experiences while employed by Electchester. Electchester respectfully submits that the allegations of these non-parties and any purported evidence regarding discrimination they claim to have experienced are not admissible at trial. Such evidence is not relevant to this action, as it does not prove any fact of consequence to Plaintiffs' individual discrimination claims. Furthermore, any reference to such allegations would be unduly prejudicial to Electchester. Introducing an accumulation of irrelevant testimony and evidence, none of which was subject to discovery, will serve only to mislead the jury and unfairly bolster Plaintiffs' own claims. Allowing evidence of these non-party discrimination allegations would thus severely disadvantage Electchester's right to a fair trial, as each Plaintiff is required to prove the individual circumstances of his own case. Therefore, exclusion of any and all testimony related to non-parties' purported discrimination claims or allegations is appropriate.

**RELEVANT FACTUAL BACKGROUND**

This suit arises from Plaintiffs Michael Belvin's and Michael Mayers' dissatisfaction with their current employment with EML. Plaintiffs are African-American porters who have worked at the Electchester Housing Companies ("Electchester Co-Op"), a nonprofit cooperative housing

development located in Queens, NY, since 1999 and 2004, respectively. On June 11, 2007, Electchester was established to provide management services at the Electchester Co-Op.

On April 13, 2020, Electchester filed a Motion for Summary Judgment, which was granted in part by this Court on December 10, 2020. *See* Dkt. Nos. 44 and 52, respectively. Plaintiffs' surviving claims are Plaintiffs' federal, state, and city law race discrimination claims based on purported hostile work environment; Plaintiff Belvin's federal, state, and city law retaliation claims; and Plaintiff Mayers' federal and city law disability discrimination claims. Significantly, Plaintiffs have not alleged any pattern or practice of discrimination by Electchester. Their claims are limited to their own individual experiences. *See* Dkt. No. 1, Plaintiffs' Complaint; Dkt. No. 7, Plaintiffs' Amended Complaint.

Electchester denies all of Plaintiffs' claims in their entirety. At no time since Electchester's formation have Plaintiffs been discriminated or retaliated against in any way. EML has employed Plaintiffs for over fifteen years and disciplined them only when appropriate, based solely on their employment performance and EML's established workplace policies and in accordance with a collective bargaining agreement.

This action is currently slated for trial within ten days of October 3, 2022. In the parties' Joint Pre-Trial Order, submitted on March 5, 2021, Plaintiffs indicated they reserve the right to call, *inter alia*, the following witnesses:

- ➢ David Hewlett, a former Porter at the Electchester Co-op, who Plaintiffs indicated "[w]ill testify regarding Defendants discriminatory practices against black employees when he worked with Defendant including filing his own EEOC complaint against Defendant and being pressured to withdraw the EEOC case by Vito Mundo." Dkt. No, 57, Joint Pre-Trial order ("JPTO"), § VIII(7); and

5

272747945v.4

> ➢ Jerome Jenkins, a former Porter at the Electchester Co-op, who Plaintiffs indicated "[w]ill testify regarding how the Plaintiffs and himself were subjected to discriminatory practices when he worked with Plaintiff." Dkt No. 57, JPTO, § VIII(8).

Mr. Hewlett and Mr. Jenkins were not deposed and their own unrelated allegations of discrimination were not subject to discovery.

## STANDARD OF REVIEW

Evidence is inadmissible at trial if it is irrelevant or if its "its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. Rule Evid. 403; *see also* Fed. R. Evid. 402. Evidence is unfairly prejudicial when it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Inadmissible evidence may be precluded on a motion *in limine*. *See Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003).

## LEGAL ARGUMENT

**I. Non-Party Discrimination Allegations Are Not Relevant to Plaintiffs' Claims.**

Mr. Jenkins and Mr. Hewlett's anticipated non-party testimony related to their own alleged discrimination claims should be precluded on the basis of relevance. Any testimony related to their own allegations of discrimination does not prove or disprove any aspect of Plaintiffs' individual claims. Plaintiffs' claims, as detailed above, center solely around alleged incidents of discrimination as to each Plaintiff, not on any purported pattern or practice of discrimination. Accordingly, any evidence, testimony, or reference to non-parties' own alleged discrimination claims is not relevant to Plaintiffs' claims and should be precluded from trial. *See EEOC v. Bloomberg L.P.*, 778 F. Supp. 2d 458, 468 (S.D.N.Y. 2011) ("There is a manifest difference between claims of individual discrimination and claims of a pattern or practice of

6

discrimination."); *Rao v. Rodriguez*, 2017 U.S. Dist. LEXIS 58996 (E.D.N.Y. 2017) (granting defendants' motion *in limine* to preclude evidence related to substantive evidence of a non-party discrimination complaint); *Levitant v. City of New York Human Res. Admin.*, 2011 U.S. Dist. LEXIS 20742 (E.D.N.Y. 2011) (precluding testimony of non-party witnesses because they did not have direct knowledge relevant to the plaintiff's discrimination allegations); *Oliver v. New York State Police*, 2022 U.S. Dist. LEXIS 57588 (N.D.N.Y. 2022) (granting motion in limine to exclude evidence related to non-party complaints and personnel documents related to such complaints because they were irrelevant to the remaining triable issues); *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999) (hearsay statements by witnesses without personal knowledge "did not constitute competent evidence"); *Kargo, Inc. v. Pegaso PCS, S.A.*, No. 05-cv-10528 (CSH)(DFE), 2008 U.S. Dist. LEXIS 81888, at *36 (S.D.N.Y. Oct. 14, 2008) (evidence deemed inadmissible hearsay because declarant had "no personal knowledge of the events described").

## II. Non-Party Discrimination Allegations Are Unduly Prejudicial to Defendant.

Mr. Jenkins and Mr. Hewlett's anticipated non-party testimony related to their own alleged discrimination claims should also be precluded on the basis of undue prejudice, because such testimony will mislead the jury. Introducing this non-relevant, unvetted testimony and evidence will unfairly bolster Plaintiffs' own discrimination claims and create an improper inference that Electchester must be a discriminatory environment, thus improperly removing Plaintiffs' burden of actually proving their claims. Further, Mr. Jenkins and Mr. Hewlett are former employees who claim to have grievances against the company, which suggests bias against Electchester, and their claims were not properly vetted via the discovery process. Although Plaintiffs' listed Mr. Hewlett and Mr. Jenkins in the Joint Pretrial Order, they had never previously identified these individuals

7

as potential witnesses. The evidentiary record is devoid of any evidence either related to Mr. Hewlett's and Mr. Jenkins' own purported discrimination allegations or connecting such allegations to Plaintiffs' own discrimination claims, thereby making the truth of the allegations impossible for a jury to evaluate fairly. Accordingly, such testimony should be precluded at trial. *See United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008) (the Court has "broad discretion to balance probative value against possible prejudice" under Rule 403); *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (upholding preclusion of testimony by witnesses first disclosed during pre-trial proceedings because the counsel failed to provide a reasonable justification for the late disclosure); *Speedfit LLC v. Woodway USA, Inc.*, 2020 U.S. Dist. LEXIS 4833 (E.D.N.Y. 2020) (precluding evidence due to "significant risk" of being unduly prejudicial and noting potential to cause juror confusion); *Jackson v. City of White Plains*, 2016 U.S. Dist. LEXIS 6469 (S.D.N.Y. 2016) (precluding evidence as more prejudicial than probative); *Orsaio v. New York State Dep't of Corr. & Cmty. Supervision*, 2022 U.S. Dist. LEXIS 23646 (N.D.N.Y. 2022) (excluding plaintiff's testimony related to alleged discrimination unrelated to plaintiff's claims at issue as unduly prejudicial because its "minimal probative value is substantially outweighed by the danger of confusing …the claim at issue"); *Blake v. Race*, 487 F. Supp. 2d 187, 205 (E.D.N.Y. 2007) (irrelevant witness statements held inadmissible); *Macolor v. Libiran*, No. 14-CV-4555 (JMF), 2015 U.S. Dist. LEXIS 34480, at *5 (S.D.N.Y. Mar. 19, 2015) (preclusion of testimony where party failed to provide relevant information about the proposed witnesses).

## **CONCLUSION**

For the above reasons, Defendant Electchester Management, LLC respectfully requests that this Court exclude from trial any evidence of, or reference to, any non-parties' purported discrimination claims or allegations.

Dated: August 19, 2022
      New York, New York

                                **WILSON ELSER MOSKOWITZ**
                                **EDLEMAN & DICKER, LLP**

By:_____
    Marielle A. Moore
    Corrine Shea
    *Attorneys for Defendant*
    *ELECTCHESTER*
    *MANAGEMENT, LLC*
    150 East 42nd Street
    New York, New York 10017
    Ph: (212) 490-3000
    Fx: (212) 490-3038
    Marielle.Moore@wilsonelser.com
    Corrine.Shea@wilsonelser.com
    File No.: 12035.00689

TO:    **By Email and U.S. Mail**
         Albert Van-Lare
         The Law Offices of Albert Van-Lare
         125 Maiden Lane
         Suite 510
         New York, NY 10038
         Ph: (212) 608-1400
         Fx: (877) 505-6103
         vanlareesq@aol.com

272747945v.4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MICHAEL BELVIN and MICHAEL MAYERS,

                         Plaintiffs,

- against -

ELECTCHESTER MANAGEMENT, LLC,

                         Defendant.
-------------------------------------------------------------x

Docket No. 17-CV-06303

**CERTIFICATE OF SERVICE**

      I, Marielle Moore, certify that on August 19, 2022, I caused A true copy of the within ***MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ALLEGED DISCRIMINATORY ACTIONS AGAINST NON-PARTIES***, to be served via PDF e-mail and First Class Mail upon:

    Albert Van-Lare
    The Law Offices of Albert Van-Lare
    125 Maiden Lane, Suite 510
    New York, NY 10038
    vanlareesq@aol.com

Dated:   New York, New York
             August 19, 2022

                                       **WILSON ELSER MOSKOWITZ**
                                       **EDLEMAN & DICKER, LLP**

                                         */s/ Marielle A. Moore*

                             By:_____
                                 Marielle A. Moore
                                 *Attorneys for Defendant*
                                 *ELECTCHESTER*
                                 *MANAGEMENT, LLC*
                                 150 East 42nd Street
                                 New York, New York 10017
                                 Marielle.Moore@wilsonelser.com
                                 File No.: 12035.00689