UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MICHAEL BELVIN and MICHAEL MAYERS,

                                Plaintiffs,

- against -

ELECTCHESTER MANAGEMENT, LLC,

                                Defendant.

Docket No. 17-CV-06303

-----------------------------------------------------------------x

# **DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ALLEGED DISCRIMINATORY ACTIONS AGAINST NON-PARTIES**

                                Respectfully submitted,

                                **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
                                Attorneys for Defendant Electchester Management, LLC
                                150 East 42nd Street
                                New York, NY 10017
                                Tel: (212) 490-3000
                                Fax: (212) 490-3038
                                File No. 12035.689

**COUNSELS: MARIELLE A. MOORE**
                     **CORRINE SHEA**

# TABLE OF CONTENTS

**TABLE OF CONTENTS** .................................................................................................................. 2

**TABLE OF AUTHORITIES** ............................................................................................................ 3

    **Cases** ............................................................................................................................................ 3

    **Statutes** ....................................................................................................................................... 3

**PRELIMINARY STATEMENT** ....................................................................................................... 4

**RELEVANT FACTUAL BACKGROUND** ..................................................................................... 5

**STANDARD OF REVIEW** ............................................................................................................... 5

**LEGAL ARGUMENT** ...................................................................................................................... 6

    I.   **Non-Party Discrimination Allegations Are Not Relevant to Plaintiffs' Claims and Are Unduly Prejudicial to Defendant.** .......................................................................................... 6

    II.   **Plaintiffs' Opposition Relies on Issues That Were Dismissed During Summary Judgment and Irrelevant Portions of Plaintiffs' Deposition Transcripts.** ........................... 7

**CONCLUSION** .................................................................................................................................. 9

274901947v.2

# **TABLE OF AUTHORITIES**

**Cases**

*EEOC v. Bloomberg L.P.*, 778 F. Supp. 2d 458, 468 (S.D.N.Y. 2011) .......................................... 6

*Kargo, Inc. v. Pegaso PCS, S.A.*, No. 05-cv-10528 (CSH)(DFE), 2008 U.S. Dist. LEXIS 81888 (S.D.N.Y. 2008) ...................................................................................................................... 6

*Levitant v. City of New York Human Res. Admin.*, 2011 U.S. Dist. LEXIS 20742 (E.D.N.Y. 2011) ...................................................................................................................................... 6

*Oliver v. New York State Police*, 2022 U.S. Dist. LEXIS 57588 (N.D.N.Y. 2022) ...................... 6

*Rao v. Rodriguez*, 2017 U.S. Dist. LEXIS 58996 (E.D.N.Y. 2017) ............................................... 6

*Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999) ..................... 6

*United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008). ..................................................... 6

*Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135 (S.D.N.Y. 2003) ................................... 5

**Statutes**

*Fed. R. Ev.* Rule 402 ...................................................................................................................... 5

*Fed. R. Ev.* Rule 403 ...................................................................................................................... 5

274901947v.2

Defendant ELECTCHESTER MANAGEMENT, LLC ("Electchester") respectfully submits this reply brief in further support of its motion *in limine* to exclude from trial any evidence of, or reference to, any discrimination allegations proffered by non-parties.

## PRELIMINARY STATEMENT

Plaintiffs indicated in their portion of the parties' Joint Pretrial Order that Plaintiffs may call Mr. David Hewlett and Mr. Jerome Jenkins as witnesses at trial to testify regarding Mr. Hewlett's own alleged EEOC complaint against Electchester and Mr. Jenkins' own alleged discrimination experiences while employed by Electchester. Furthermore, in Plaintiffs' omnibus Memorandum of Law in Opposition to Defendant's Motions in Limine ("Plaintiffs' Opposition"), Plaintiffs' proffered arguments show that they plan to introduce evidence of non-parties' separate, independent, and unrelated allegations of discrimination. *See* Plaintiffs' Opposition, p.p. 2-4.

Electchester respectfully submits that these non-parties' allegations, and any purported evidence regarding discrimination they claim to have experienced, are not admissible at trial. Such evidence is not relevant to this action, as it does not prove or disprove any fact of consequence to Plaintiffs' individual discrimination claims. Furthermore, Mr. Hewlett and Mr. Jenkins are not parties in the instant action, were not deposed, and their own unrelated allegations of discrimination were not subject to discovery. Any reference to such allegations would be unduly prejudicial to Electchester. Introducing an accumulation of irrelevant testimony and evidence, none of which was subject to full discovery, will serve only to mislead the jury and unfairly bolster Plaintiffs' own claims. Allowing evidence of these non-party discrimination allegations would thus severely disadvantage Electchester's right to a fair trial, as each Plaintiff is required to prove

4

the individual circumstances of his own case.  Therefore, exclusion of any and all testimony related to non-parties' purported discrimination claims or allegations is appropriate.

## RELEVANT FACTUAL BACKGROUND

This suit arises from Plaintiffs Michael Belvin's and Michael Mayers' dissatisfaction with their current employment with EML.  Plaintiffs are African-American porters who have worked at the Electchester Housing Companies ("Electchester Co-Op"), a nonprofit cooperative housing development located in Queens, NY, since 1999 and 2004, respectively.  On June 11, 2007, Electchester was established to provide management services at the Electchester Co-Op.

Since the Court issued its December 10, 2020, Order granting summary judgment as to several of Plaintiffs' claims, the only claims that survive are Plaintiffs' federal, state, and city law race discrimination claims based on purported hostile work environment; Plaintiff Belvin's federal, state, and city law retaliation claims; and Plaintiff Mayers' federal and city law disability discrimination claims will proceed to trial.  Significantly, Plaintiffs have not alleged any pattern or practice of discrimination by Electchester.  As such, their claims are limited to their own individual experiences.  *See* Dkt. No. 1, Plaintiffs' Complaint; Dkt. No. 7, Plaintiffs' Amended Complaint.

## STANDARD OF REVIEW

Evidence is inadmissible at trial if it is irrelevant or if its "its probative value is substantially outweighed by a danger of . . . unfair prejudice."  Fed. Rule Evid. 403; *see also* Fed. R. Evid. 402. Evidence is unfairly prejudicial when it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  Inadmissible evidence may be precluded on a motion *in limine*.  *See Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003).

## LEGAL ARGUMENT

**I. Non-Party Discrimination Allegations Are Not Relevant to Plaintiffs' Claims and Are Unduly Prejudicial to Defendant.**

Mr. Jenkins' and Mr. Hewlett's anticipated non-party testimony related to their own alleged discrimination claims should be precluded on the basis that they are not relevant and unduly prejudicial to Electchester. Any testimony related to their own allegations of discrimination cannot prove or disprove any aspect of Plaintiffs' individual claims, because Plaintiffs' claims, as detailed above, center solely around alleged incidents of discrimination as to each Plaintiff. Accordingly, any evidence, testimony, or reference to a non-party's alleged discrimination claims is not relevant to Plaintiffs' claims and should be precluded from trial. *See EEOC v. Bloomberg L.P.*, 778 F. Supp. 2d 458, 468 (S.D.N.Y. 2011); *Rao v. Rodriguez*, 2017 U.S. Dist. LEXIS 58996 (E.D.N.Y. 2017); *Levitant v. City of New York Human Res. Admin.*, 2011 U.S. Dist. LEXIS 20742 (E.D.N.Y. 2011); *Oliver v. New York State Police*, 2022 U.S. Dist. LEXIS 57588 (N.D.N.Y. 2022); *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999); *Kargo, Inc. v. Pegaso PCS, S.A.*, No. 05-cv-10528 (CSH)(DFE), 2008 U.S. Dist. LEXIS 81888, at *36 (S.D.N.Y. Oct. 14, 2008). Allowing the jury to hear this testimony will unduly prejudice Electchester and improperly bolster Plaintiffs' individual claims. *See Bermudez v. City of New York*, 2019 U.S. Dist. LEXIS 3442, at *22 (E.D.N.Y. 2019) (granting motion in limine to preclude evidence of unrelated prior lawsuits against defendants, noting "[u]nrelated prior lawsuits are unlikely to yield evidence sufficiently probative to overcome the risk of unfair prejudice to defendants or confusing the issues for the jury") (internal citations omitted).

Plaintiffs' Opposition states that "Defendant relied heavily on a set of cases from district courts. This reliance however is misplaced"—but wholly fails to explain why reliance on district court cases in a federal court case is "misplaced." Further, Plaintiffs fail to distinguish Defendant's cited cases, or provide any citations to authority of their own in support of their position. Instead, Plaintiffs argue that Mr. Jenkins and Mr. Hewlett's irrelevant testimony should be allowed simply because Plaintiffs discussed these unrelated allegations during their depositions. The scope of testimony during discovery depositions is more expansive than what is permissible at trial, and topics discussed during a deposition are not automatically admissible at trial. *See S.W. v. City of New York*, 2012 U.S. Dist. LEXIS 46392, at *8 (E.D.N.Y. 2012) ("depositions taken during discovery in general are not automatically admissible at trial"). Accordingly, all non-party testimony regarding unrelated allegations of discrimination should be excluded from trial.

## II. Plaintiffs' Opposition Relies on Issues That Were Dismissed During Summary Judgment and Irrelevant Portions of Plaintiffs' Deposition Transcripts.

Plaintiffs attempt to justify the admission of irrelevant, non-party testimony at trial by citing to specific pages from Plaintiffs' deposition transcripts that contain testimony related to causes of action that were dismissed via summary judgment and testimony that is not relevant to any issue. In some cases, the referenced transcript pages were not provided, and it is therefore unclear what they are meant to support. *See* Plaintiff's Opposition Exhibit B, Deposition Transcript of Michael Belvin, pp. 130 (merely alleging Mr. Hewlett received write-ups); 133 (not included in Plaintiffs' Opposition exhibits, mentioning Mr. Hewlett was written up); 156 (merely alleging Hewlett is black); 157 (not included in Plaintiffs' Opposition exhibits, mentioning Mr. Hewlett was written up); 181 (Plaintiff Belvin's discussion of being transferred buildings); 186 (merely identifying other Black porters); 230 (relating to Plaintiff Belvin's hand truck claim, which was dismissed via summary judgment); 275 (not included in Plaintiffs' Opposition exhibits,

7

mentioning Mr. Jenkins was written up six times and then terminated); 304 (merely identifying people with potential knowledge of Plaintiffs' claims); and Plaintiffs' Opposition Exhibit A, Deposition Transcript of Plaintiff Michael Mayers, pp. 45 (Plaintiff Mayers' claims of stripping floors, which were dismissed via summary judgment); 49 (Plaintiff Mayers' claims of stripping floors, which were dismissed via summary judgment ); 51 (Plaintiff Mayers' claims of micromanaging, which were dismissed via summary judgment); 57 (Plaintiff Mayers' micromanaging claims, which were dismissed via summary judgment); 69 (Plaintiff Mayers' vacation claims, which were dismissed via summary judgment); 71 (Plaintiff Mayers' vacation claims, which were dismissed via summary judgment); 72 (Plaintiff Mayers' vacation claims, which were dismissed via summary judgment); 82 (Plaintiff Mayers' claims regarding stripping floors, which were dismissed via summary judgment); 86 (Plaintiff Mayers' claims regarding stripping floors, which were dismissed via summary judgment); 174 (Plaintiff Mayers' claims regarding stripping floors, which were dismissed via summary judgment); 177 (Christmas décor, specifically noting "I'm not sure if David Hewlett was there"); 209 (Plaintiff Mayers' overtime pool claims, which were dismissed via summary judgment); 288 (not included in Plaintiffs' Opposition exhibits, Plaintiff Mayers' claims regarding stripping floors, which were dismissed via summary judgment). *See also* Dkt. No. 52, the Court's December 3, 2020 Memorandum & Order regarding Defendant's Motion for Summary Judgment. Plaintiffs also cite to page 246 of Plaintiff Belvin's deposition transcript to support their proposition that "[t]he two witnesses that Defendant seeks to preclude were Plaintiffs former co-workers…and in the case of Hewlett he filed his own EEOC complaint and Plaintiffs will testify that he was pressured by Mr. Mundo…to withdraw his EEOC Complaint just as Belvin was." *See* Plaintiffs' Opposition, p. 3. Defendants note that page 246 of Plaintiff Belvin's deposition transcript mentions only Plaintiff Belvin's allegation, which

8

274901947v.2

Electchester denies, that Mr. Mundo pressured him to withdraw his own EEOC complaint, and does not mention Mr. Hewlett or any non-party's knowledge of this allegation and/or any similar allegations. Mr. Jenkins' and Mr. Hewlett's non-party testimony related to their own alleged discrimination claims, as well as testimony related to any other non-party's discrimination claims, is not relevant to Plaintiffs' own individual discrimination claims, will be unduly prejudicial to Defendant, and will only confuse and mislead the jury. Accordingly, Electchester respectfully requests an order *in limine* precluding this testimony at trial.

## CONCLUSION

For the above reasons, Defendant Electchester Management, LLC respectfully requests that this Court exclude from trial any evidence of, or reference to, any non-parties' purported discrimination claims or allegations.

Dated: September 2, 2022
New York, New York

          **WILSON ELSER MOSKOWITZ**
          **EDLEMAN & DICKER, LLP**

By:_____
    Marielle A. Moore
    Corrine Shea
    *Attorneys for Defendant*
    *ELECTCHESTER*
    *MANAGEMENT, LLC*
    150 East 42nd Street
    New York, New York 10017
    Ph: (212) 490-3000
    Fx: (212) 490-3038
    Marielle.Moore@wilsonelser.com
    Corrine.Shea@wilsonelser.com
    File No.: 12035.00689

TO: **By Email and U.S. Mail**
       Albert Van-Lare

274901947v.2

The Law Offices of Albert Van-Lare
125 Maiden Lane, Suite 510
New York, NY 10038
Ph: (212) 608-1400
Fx: (877) 505-6103
vanlareesq@aol.com

274901947v.2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MICHAEL BELVIN and MICHAEL MAYERS,

                                              Plaintiffs,              Docket No. 17-CV-06303

       - against -                            **CERTIFICATE OF SERVICE**

ELECTCHESTER MANAGEMENT, LLC,

                                              Defendant.
-------------------------------------------------------------------x

       I, Marielle Moore, certify that on August 19, 2022, I caused A true copy of the within ***DEFENDANT'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ALLEGED DISCRIMINATORY ACTIONS AGAINST NON-PARTIES***, to be served via PDF e-mail and First Class Mail upon:

      Albert Van-Lare
      The Law Offices of Albert Van-Lare
      125 Maiden Lane, Suite 510
      New York, NY 10038
      vanlareesq@aol.com

Dated:   New York, New York
            September 2, 2022

                                                **WILSON ELSER MOSKOWITZ**
                                                **EDLEMAN & DICKER, LLP**

                                        By:_____
                                           Marielle A. Moore
                                           *Attorneys for Defendant*
                                           *ELECTCHESTER*
                                           *MANAGEMENT, LLC*
                                           150 East 42nd Street
                                           New York, New York 10017
                                           Marielle.Moore@wilsonelser.com
                                           File No.: 12035.00689