1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------x
                                        17-CV-6303(NGG)
MICHAEL BELVIN, et al.,

                                        United States Courthouse
          Plaintiffs,                   Brooklyn, New York

          - versus -                    October 24, 2022
                                        10:00 a.m.
ELECTCHESTER MANAGEMENT, LLC,

          Defendant.

-------------------------------x

      TRANSCRIPT OF CIVIL CAUSE FOR PRETRIAL CONFERENCE
         BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
            UNITED STATES SENIOR DISTRICT JUDGE


APPEARANCES

Attorney for Plaintiff:    LAW OFFICES OF ALBERT VAN-LARE
                           125 Maiden Lane
                           Suite 510
                           New York, New York 10038
                           BY:  ALBERT VAN-LARE, ESQ.


Attorney for Defendant:    WILSON ELSER MOSKOWITZ EDELMAN
                           & DICKER LLP
                           150 East 42nd Street
                           New York, New York 10017-5639
                           BY:  MARIELLE ALECIA MOORE, ESQ.
                               CORRINE SHEA, ESQ.


Court Reporter:            LINDA D. DANELCZYK, RPR, CSR, CCR
                           Phone:  718-613-2330
                           Fax:    718-804-2712
                           Email:  LindaDan226@gmail.com


Proceedings recorded by mechanical stenography.  Transcript produced by computer-aided transcription.

PROCEEDINGS                                    2

(In open court.)

THE COURTROOM DEPUTY:  Civil cause for a pretrial conference.

Here for the plaintiffs, please state your appearances for the record.

MR. VAN-LARE:  Albert Van-Lare for the plaintiffs. Good morning, Your Honor.

THE COURT:  Good morning.

How are you, sir?

MR. VAN-LARE:  Fine, thank you, sir.

THE COURT:  And?

MS. MOORE:  Marielle Moore from Wilson Elser for the defendants.

MS. SHEA:  And Corrine Shea from Wilson Elser for the defendants.

THE COURT:  Please be seated, everybody.

You heard from Judge Henry.

You had a meeting with her?

MR. VAN-LARE:  We did, Your Honor.

THE COURT:  Yes.

And you're going ahead with the selection of the jury on the --

MS. MOORE:  November 2nd.

THE COURT:  -- November 2nd.  And then we're going to start the trial on November 7th.

PROCEEDINGS                                    3

So my basic concern is that we have a long list of individuals who are supposedly going to testify.  And I'm concerned on the part of the plaintiff:

How long do you think your case is going to take?

MR. VAN-LARE:  I anticipate no more than two and a half, maybe three weeks max.  We are going to revise the witness list and a lot of the potential witnesses at this time are going to be eliminated.

THE COURT:  Okay.  All right.

What I would appreciate doing is if you would consult with the other side over, you know, the narrowing of the list, if at all possible, and so that everybody can basically have an understanding of how much time it's going to take.

And limiting the list is very helpful.  Because you don't want the jury to be saddled with a duplication of information.

The other thing is your documentary evidence, do you have a great deal of it to show the jury?

MR. VAN-LARE:  I have it, but that is also going to be limited.  It's not everything we have.  In fact, I believe there has been a reduction already.  I spoke with counsel about it last week, and it's still going to be considerably limited.

THE COURT:  I see.

PROCEEDINGS                                    4

And are you planning to utilize an electronic device to put up the documents for the jury, or are you going to use an ELMO?

Have you gone over that, both sides, as to how this will be done?

MR. VAN-LARE:  We haven't discussed that, Your Honor.

THE COURT:  Well, here's the thing.

You should discuss with Mr. Reccoppa, my courtroom deputy and case manager, how you're going to present the documentary evidence.

And obviously if you have it on a computer and the computer can be attached to the court's -- we have a very sophisticated system for showing documents, using the electronic devices, it moves the trial along.  The jury doesn't have to handle so much material.

Even if you decided to use the ELMO, which is in the back by the -- it's not out right now, but it's by the podium in the back, it means you have to move paper back on and off and focus and so on.

But if you're using your computer, that's already -- it's already focused, it's ready to go, you press a button and it goes.

Are you going to be alone at the trial representing the plaintiff?

MR. VAN-LARE:  Yes, Your Honor.

THE COURT:  The plaintiffs?  All right.

So I think this is something you should discuss with Mr. Reccoppa.

If you need some help with using the ELMO or using the computer, attaching your computer to the court's system, we have an IT department.  You can meet with them and go over that, and so you can be more efficient and move the trial along smartly for the jury.  All right?

MR. VAN-LARE:  All right, Your Honor.

I think we have the evidence or the exhibits all in our computers.

THE COURT:  Okay.

MR. VAN-LARE:  That might be easier.

THE COURT:  And I'm going to need a book of the evidence that you plan to -- you seek to introduce.  And it must be -- all the evidence must be marked with numbers.  And Mr. Reccoppa can tell you how to do that for the plaintiff -- plaintiffs and for the defense.  All right?

MR. VAN-LARE:  Thank you.

THE COURT:  All right.

And from the defense, the defense case, how long do you think that's going to last?  And how many witnesses do you think you have?

MS. MOORE:  So we have five witnesses, who are

definitely going to be testifying, but in various lengths. The two longest will go first, and then the medical expert, and then we'll have two witnesses whose testimony will be considerably shorter.

We do think we need all of them, because in one way or the another all of them are directly implicated or involved in some of the charges that the plaintiffs are making.  And we have other witnesses who we're thinking about calling on an as-needed basis, depending on what the testimony the plaintiffs bring.

So I think -- you know, three -- two or three days. I mean -- so I think probably the two longest witnesses will each take close to a day, probably start the second one on the first day, but -- and depending on the length of Mr. Van-Lare's cross-examination as well.

THE COURT:  So we're talking about like an eight-day trial here.

MS. MOORE:  I think we decided with Judge Henry, or we discussed with Judge Henry, and I'm not sure if that was coming directly from you or if that was her, that the 16th would be the day that all proceedings would wrap up.  And that we all said that that sounded reasonable and that still sounds reasonable to us, as long as it sounds reasonable to you and to the plaintiffs.

THE COURT:  Well, you may find that a witness who

PROCEEDINGS                                    7

you think is going to take, you know, the better part of the day can take a morning, depending on how far you get and how much cross-examination there is.  So I encourage you to streamline your presentation for the benefit of the jury, more than anything else.  Both sides.

And the same basic advice regarding the utilization of an electronic system of providing the evidence to the jury is important for the defense as well.

The fact is that if the parties consent, we can send in the evidence on a disc to the jury for its deliberations.

We are going to have an eight-member jury here, and what I found in my last trial was that if I gave the jury a computer disc found with all of the admitted evidence on it, there's at least a couple of people on the jury who will know how to call up the evidence that they need to review.

And it really moves the process more quickly and also efficiently for the jury.  Because they can move from one piece of evidence to another and everyone can see on it.  You know, we give them a screen and they can all view it in the jury room.

So we will do whatever we can to make this process of jury deliberations efficient, all right.

MS. MOORE:  Yes.

THE COURT:  So now you went over the *voir dire* questions with Judge Henry, and you've got to give me a

proposed verdict sheet and charge.

MS. MOORE:  Both documents were filed by ECF already, so you should have those, but of course if you need anything, we're happy to provide it.

THE COURT:  And you've done the same.

MR. VAN-LARE:  Yes, Your Honor.

THE COURT:  Okay.  All right.

Do we have anything else that we need to discuss today?

MS. MOORE:  I do have one issue.  In reviewing Your Honor's rules before the conference, we realized that all authentication issues for evidence has to be resolved before trial, and we do have an authentication issue that we want to address, but I'm not sure what the best way to do it is, if you'd like to talk about it now or submit a motion.

THE COURT:  Submit a motion.

MS. MOORE:  Okay.

THE COURT:  Yes, submit a motion this week.

MS. MOORE:  Will do.

THE COURT:  All right, today is Monday, submit a motion -- you know what the motion is going to be, submit a motion by Wednesday and reply by Friday.

MS. MOORE:  Okay.  And one other thing just to bring to Your Honor's attention.

THE COURT:  Sorry.  Yes, sir.

MR. VAN-LARE:  Your Honor, could I have until Monday?

THE COURT:  Yes.

MR. VAN-LARE:  Thank you.

THE COURT:  We're far enough away from the trial that it's not up against the trial, and I want you to have -- and I want to have time to review it so you know what you need to do about it if any -- you need to do anything more.  Okay?

MS. MOORE:  Understood.

THE COURT:  All right.

MS. MOORE:  And we did have -- there was discussion with Judge Henry who offered to do a settlement conference remotely, and the parties agreed to take her up on that offer.

There's been some progress made in settlement discussions, albeit not much but some, since the last time we were in court here.  And the date we have selected, pending Judge Henry's availability, is the 31st of October.

THE COURT:  Okay.

The 31st, and then if you're successful with that, you wouldn't have to pick a jury on the 2nd.

But let me just say this, I think you've got to have it squared away so we don't pick a jury.  I'm not going to give you -- I'm not going to adjourn a jury selection on, you know, on a sort of wishy-washy kind of settlement agreement. It has to be solid.  All right?  And you have to work it out.

PROCEEDINGS                                    10

And I have to have a -- I have to have a stipulation by the 2nd if you do reach an outcome, either a stipulation or a jury selection.

And I think, you know, this case has been around a long time, which is one of the reasons why I give it a high priority among the civil cases that I have to try. And I understand that because of the COVID, the two years of COVID that we weren't able to try civil cases but now we are and we're going to go ahead, and I appreciate that everyone was in agreement that we would have a vaccinated jury under CDC guidelines.

It's important to the jurors and it's important for you all and it's important for everyone that works for the court. So thank you very much for your cooperation on that.

Do you have anything else, sir?

MR. VAN-LARE: I do, Your Honor. We both agreed to bring the deposition testimony -- I mean transcripts, we both are getting transcripts, and I was wondering if we need to print them out physically or if we can just have them in electronic format.

THE COURT: Well, how much of this are you going to have? I don't want to put the jury to sleep.

MR. VAN-LARE: For me, I'm contemplating using them only for rebuttal purposes.

THE COURT: All right.

PROCEEDINGS                          11

MR. VAN-LARE:  Or impeachment purposes.

THE COURT:  Well, I think that if you have them in electronic format, which can be presented to the jury, then I wouldn't have a problem with that.

MR. VAN-LARE:  Thank you, Your Honor.

THE COURT:  What about the defense?

MS. MOORE:  We're planning on using them for the same purposes as plaintiffs' counsel.

We do have the hard copies and they are not voluminous, so we can have them on hand just in case, but electronic is fine.

THE COURT:  Yes, you know, whatever works.  I prefer the electronic because we can put the page up on the screens.

Every two jurors in the jury box have a screen in the jury box.  So they'll be able to actually read along. You'll read it but, you know, they'll have it.  It makes it much easier for the jury.  So I will say use of the electronic system that we have can be beneficial in terms of the jurors' understanding of what's going on.  All right?

So, you know, but I'll leave it to you to decide.

MS. MOORE:  Thanks.

THE COURT:  All right.  So is that it?

MR. VAN-LARE:  That's all from the plaintiff, Your Honor.

THE COURT:  Okay.  And the plaintiffs are going to

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

be here?

MR. VAN-LARE:  They will, Your Honor.

THE COURT:  All right, I want them here the entire trial.

MR. VAN-LARE:  I will let them know that.

THE COURT:  Yes, absolutely.

And the defendants, what about them?

MS. MOORE:  We're going to have the general manager of Electchester, Thomas Prezioso, is going to be attending the entire trial, and the rest of the witnesses will come on the day that their testimony is.

THE COURT:  Okay.  And the general manager was -- was the general manager then or is the general manager now?

MS. MOORE:  He was general manager then and he continues to be general manager.

THE COURT:  All right.

MS. MOORE:  We may also have from time to time the new general counsel for Electchester, who may come and observe the proceedings, Matthew Kelly, from the Joint Industry Electrical Industry Board.

THE COURT:  All right.

MS. MOORE:  Vito Mundo, the prior general counsel, is going to be a testifying witness.

THE COURT:  Okay.

And regarding testifying witnesses, other than the

named parties, testifying witnesses have to remain outside the courtroom until they're called.  And if they're not going to be called by the other side, then they can stay in the back of the courtroom.

But if the plaintiff is calling a witness and the defense is also going to call that witness for some reason, although I would give some latitude, if you tell me that, you know, one of plaintiffs' witnesses is going to testify for you, for the defense, then I'll give you some latitude on cross-examination so that you can get the testimony in so we're not doing this twice.

All right?

MS. MOORE:  Understood.

MR. VAN-LARE:  I believe the general manager is on our witness list, but the other side company's representative, so he has to be around.

THE COURT:  Yes, that's right.  I think that's the way we're going to handle it.  Okay?

Do you have anything else then?

MR. VAN-LARE:  I do not, Your Honor.

THE COURT:  And do you have anything else?

MS. MOORE:  No, that's it.

THE COURT:  All right.  We're going to start at 9:30 on the 7th.  And we'll go from 9:30 until 5 each day with a hour for lunch and a short break in the morning and a short

PROCEEDINGS                            14

break in the afternoon for the jury's benefit.  All right?

MR. VAN-LARE:  Thank you.

THE COURT:  Yes.

MR. VAN-LARE:  Judge, we do have two public holidays that week.  I understand Election Day is not a holiday for the court.

THE COURT:  It's not a holiday.  No, the federal court doesn't close on Election Day.  But that Friday is Veteran's Day, the 11th, and on the 11th the court will be closed and we will not have the trial on that date.

In the mean time, you know, you should make best efforts to settle the case, and Judge Henry is quite experienced in doing these things.  I'm sure she can help you, okay.

MR. VAN-LARE:  Thank you, Your Honor.

THE COURT:  Anything else at all?

MS. MOORE:  No.

THE COURT:  Thank you everybody.

Have a nice day.

MS. MOORE:  Thank you.

(Whereupon, the matter was concluded.)

*     *     *     *     *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

s/ Linda D. Danelczyk                 November 30, 2022

LINDA D. DANELCZYK                    DATE

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*